UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 15cr10271 |
| | ) | |
| | ) | Count One |
| V. | ) | 18 U.S.C. §2252A(a)(5)(B) |
| | ) | Possession of Child |
| | ) | Pornography |
| ALEX LEVIN, | ) | |
| Defendant. | ) | Criminal Forfeiture |
| | ) | 18 U.S.C. §2253 |

INDICTMENT

COUNT ONE:   18 U.S.C. §§2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography

The Grand Jury charges:

On or about August 12, 2015, at Norwood, in the District of Massachusetts,

ALEX LEVIN,

defendant herein, did knowingly possess material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation 18 U.S.C. §§2252A(a)(5)(B) and (b)(2).

1

FORFEITURE ALLEGATION
(18 U.S.C. §2253)

The Grand Jury further charges that:

1. The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §2253.

2. Upon conviction of any offense in violation of 18 U.S.C. §2252A as set forth in Count One of this Indictment,

ALEX LEVIN,

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. §2253, any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The property to be forfeited includes, but is not limited to, items seized by law enforcement on August 12, 2015 from the defendant's residence in Norwood, Massachusetts.

3. If any of the property described in Paragraph 2 above, as a result of any act or omission of the defendant -

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 18 U.S.C. §2253(b), incorporating 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 2 above.

    All pursuant to 18 U.S.C. §2253.

A TRUE BILL

*[signature: Kathryn Hanson]*
FOREPERSON OF THE GRAND JURY

*[signature: David G. Tobin]*
DAVID G. TOBIN
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS;                September 17, 2015

Returned into the District Court by Grand Jurors and filed.

*[signature]*
DEPUTY CLERK
12:59.