UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,      )  | |
| ) | CRIMINAL NO.  15-10271-WGY |
| v.                                                    ) | |
| ) | |
| ALEX LEVIN,                                 ) | |
| ) | |
| Defendant.                      ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OR ARGUMENT DESIGNED TO ELICIT JURY NULLIFICATION**

The United States of America hereby moves *in limine* to preclude the defendant, Alex Levin, from presenting any evidence or arguing matters that may elicit or encourage jury nullification in general, and specifically regarding any potential punishment the defendant faces or regarding any of the bases raised in his Motion to Suppress [Doc. 44].

It is well settled that a defendant in a criminal case may not encourage or suggest in any way that the jury should acquit him even though the government has met its burden of proof. *See United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("The applicable rule is that, although jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.").

Although juries may have the power to nullify the law, they do not have the authority to do so. *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1996) (explaining that although "federal

1

courts have long noted the de facto power of a jury to render general verdicts 'in the teeth of both law and facts,' . . . courts have consistently recognized that jurors have no right to nullify.") (emphasis in original) (citations omitted). Accordingly, district courts have an obligation to prevent defendants from pursuing lines of inquiry or argument aimed at inducing the jury to acquit for any reason other than the relevant facts and the law. *See United States v. Young*, 470 U.S. 1, 7-10 (1985) (holding that district court had duty to prevent counsel from making improper arguments to the jury, including those that are designed to "divert the jury from its duty to decide the case on the evidence"); *Sepulveda*, 15 F.3d at 1190 ("A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."). *See also* Torresen, C.J., 2018 Revisions to Pattern Jury Instructions for the District Courts of the First Circuit, No. 1.01 (updated 6/26/18) (available at https://www.med.uscourts.gov/pdf/crpjilinks.pdf) ("You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.").

It is also a well settled rule that where a jury plays no role in sentencing, it should not be made aware of a defendant's potential sentence because such information is irrelevant and could disturb it from its fact-finding responsibilities. *See* FED. R. EVID. 401; *Shannon v. United States*, 512 U.S. 573, 579 (1994). In *Shannon*, the Supreme Court addressed this issue and made clear that "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Id.* (citations and footnotes omitted). That case dealt with the appeal of a firearms conviction where the lower court refused to instruct the jury on the consequences its verdict. *Id.* at 577-78. In reaching the conclusion that such information was not required, the Court highlighted the critically important division of labor in our legal system

between the judge and jury explaining that "[t]he jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* at 579. Thus, the Court found, the consequences of a verdict are irrelevant to the jury's task. *Id.* Significantly, the Court also observed that providing juries with sentencing information effectively "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*

The First Circuit and courts within agree. *See, e.g.*, *United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996) "[U]nder our criminal justice system it is the jury's responsibility to determine guilt or innocence on the basis of the facts it has found, whereas the court is responsible, among other things, for sentencing a defendant after a guilty verdict."); *United States v. Tracy*, 36 F.3d 187, 196 (1st Cir. 1994) (affirming district court's rejection of jury instruction that would have included reference to consequences of finding defendant guilty by reason of insanity); *United States v. Maisonneuve*, 654 F.Supp. 114 (1st Cir. 1997) (citing well settled rule against juries considering penalties when reaching their verdicts and explaining that rule applies even when a statutory mandatory minimum sentence is involved).

Here, as in the cases cited above, the jury will play no part in the defendant's sentencing. Thus, the mere mention of the potential sentence faced in this case is irrelevant and would serve only to invite jury nullification. The same would result from implied references to the potential consequences of a guilty verdict, such as arguments that defendant's "freedom" is in the jury's hands, that defendant is "on trial for his life," or that defendant's family should not be left alone.

Furthermore, the parties have agreed that they will limit evidence at trial to events that occurred on and after the date of the search warrant execution (August 12, 2015), which is when

law enforcement seized the computer that contains what the government alleges to be child pornography.  Any testimony, questions, or mention of the NIT, therefore, would be irrelevant.  The defendant should not be permitted to raise with the jury any challenge to the search warrant or otherwise raise that the Court authorization for the NIT and search itself has been challenged in this court or others.  Nor should he be permitted to raise the issue that this Court ruled that the search warrant was not authorized by Rule 41 [Doc. 69].  These issues are irrelevant to whether the defendant is guilty of the offense charged – possession of child pornography on August 12, 2015 – and would be prejudicial to the government, would confuse the jury, would unnecessarily prolong the trial, and would encourage jury nullification.

Accordingly, the United States requests that the defendant be precluded from mentioning, introducing evidence, or making arguments regarding any potential penalty he faces if convicted or any grounds on which he moved to suppress the fruits of the search warrant in this case.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: May 14, 2019         By:    */s/ Anne Paruti*
                                   Anne Paruti
                                   Assistant United States Attorney
                                   One Courthouse Way, Suite 9200
                                   Boston, MA 02210
                                   (617) 748-3100

## CERTIFICATE OF SERVICE

      I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: May 14, 2019                       /s/ *Anne Paruti*
                                                        Assistant United States Attorney