UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>ALEX LEVIN )<br>) | Crim. No. 15-cr-10271-WGY |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT
EVIDENCE DUE TO FAILURE TO TIMELY DISCLOSE**

The defendant, Alex Levin, moves this Court to exclude from evidence any and all proposed government exhibits that were provided to the defendant on or after May 13, 2019. As grounds, the defendant states the government's failure to provide this discovery to the defendant in a timelier manner has prejudiced the defendant's ability to adequately prepare for trial.

The defendant is charged with a single count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On the date of the defendant's arrest, law enforcement officers seized several electronic devices from his home, including a laptop containing videos and still images depicting child pornography. The defendant was arrested on August 12, 2015, and indicted on September 17, 2015. The government provided discovery to the defendant on October 26, 2015 and November 1, 2015. The defendant sent letters to the government requesting additional discovery on April 18, 2018 and August 3, 2018. In the April 3, 2018 letter, the defendant requested that the government provide "a copy of all notes and reports relating to any forensic testing

1

performed on the defendant's digital media." The second letter requested "Encase or FTK EOI files for both of the defendant's seized computers." The government did not respond to either of these letters.[1]

This case was originally scheduled for trial on April 4, 2016. It was subsequently continued to June 13, 2016. This trial date was cancelled after the government appealed the Court's allowance of the defendant's motion to suppress. After the First Circuit Court of Appeals vacated this Court's ruling, the trial was rescheduled for July 23, 2018. It was continued twice more, first to January 14, 2019 and subsequently to the presently scheduled date. The Court did not issue a deadline for the government to disclose evidence pursuant to Local Rule 116.1 when the present trial date was scheduled.

Counsel for the defendant contacted the government on April 30, 2019 regarding 21 day disclosures. The government responded with a letter the following day indicating that it would provide the defendant with an exhibit list by May 6, 2019. The defendant received a host of documents from the government at 10:33 P.M. on May 13, 2019, the night before the final pretrial conference. The documents consist of several screenshots of data retrieved from the defendant's laptop. The screenshots appear to depict data observed using the FTK Imager program. One of the documents, which is representative of those offered by the government, is appended to this motion as Exhibit 1.

The government's late disclosure has prejudiced the defendant's ability to adequately prepare for trial. The defendant has utilized the services of a forensic

---

[1] The Court ordered additional discovery to be provided to the defendant in response to the defendant's motion for discovery. Dkt. 144. The Court's order did not address the forensic testing performed on the computers or the FTK files.

2

computer expert, Joseph Nicholls, throughout the pendency of this case. Understandably, this is not the only case that Mr. Nicholls is assisting with at this time. Counsel simply does not have the time to thoroughly analyze complex, unintuitive computer data with the assistance of an expert in less than one week. The fact that Mr. Nicholls has performed his own examinations of the laptop does not relieve the government of its duty to make timely disclosures to the defendant. The defendant should not be forced to rely on his expert in order to determine what evidence the government will introduce at trial. This case has been pending for nearly four years. Evidence supplied by the government indicates that the laptop was examined on August 15, 2015 and July 20, 2017. Nevertheless, the defendant received information about the examinations less than one week before the trial is scheduled to commence.

    The Court has a number of options when a party fails to comply with its discovery obligations. Federal Rule of Criminal Procedure 16(d)(2) permits the Court to:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

"In criminal cases, the government has broad disclosure obligations." *United States v. Kifwa*, 868 F.3d 55, 60 (1st Cir. 2017). "[T]he government's disclosures must be made in a timely manner." *Id.* Moreover:

> The timely disclosure requirement of Rule 16 is only effective if the government timely analyzes and tests the evidence it has in its possession. This is the only way to ensure that the discovery process proceeds fairly, justly, and effectively. Due diligence on the part of the government is an implicit requirement of Rule 16. If the government were allowed to sit on

3

evidence, and wait until the last minute to analyze the evidence, and then claim the results just came into their possession, it would blow a huge hole in the government's disclosure obligation under the rules.

*United States v. Brown*, 308 F.Supp.3d 620, 627-628 (D.R.I. 2018).

The defendant submits that the proper resolution of this issue is to exclude any evidence offered by the government that the defendant did not receive until May 13, 2019 or later. The government has had this evidence in its possession since August 2015. There is no justifiable reason for failing to disclose it this late. A continuance will only further delay the defendant's trial, which has already been amply postponed. The Court should exercise its discretion and order any and all government evidence that was not timely disclosed to the defendant to be excluded.

WHEREFORE, the defendant moves that this motion be allowed and the government's evidence be ordered excluded from the trial of this matter.

ALEX LEVIN
By his attorneys,
CARNEY & ASSOCIATES

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Daniel J. Gaudet*
Daniel J. Gaudet
B.B.O. # 688120

20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
JCarney@CARNEYdefense.com

May 16, 2019

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 15-cr-10271-WGY |
| ) | |
| ALEX LEVIN ) | |

**AFFIDAVIT SUPPORTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT EVIDENCE DUE TO FAILURE TO TIMELY DISCLOSE**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

May 16, 2019

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*Daniel J. Gaudet*
Daniel J. Gaudet