UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 15-CR-10271-WGY |
| | ) | |
| ALEX LEVIN, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

Following a trial by jury, Defendant Alex Levin was convicted of the sole count of the above-docketed indictment, which charges him with the possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). For the reasons outlined below and to be articulated at the sentencing hearing, the government respectfully requests that this Court impose a low-end Guideline sentence.

**FACTS**

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 7 through 28 of the Presentence Investigation Report ("PSR"), as well Probation's assessment of offender characteristics [PSR 54-82]. The parties have agreed that all of the facts necessary to establish the specific offense characteristics applied by Probation in its calculation [PSR 34-37] were made part of the record at trial and that further evidentiary hearing is not necessary to determine the applicability of any of the four enhancements.[1]

---

[1] Notwithstanding his agreement that further hearing is unnecessary, the defendant has objected to the enhancements as being substantively unreasonable, essentially inviting a *Kimbrough* variance. [PSR Objection #3, pp. 27-29]; see *Kimbrough v. United States*, 552 U.S. 85 (2007).

At trial, the government proved its case through the testimony of Boston Police Sergeant Michael Sullivan, who was a Task Force Officer with the FBI and interviewed the defendant at his home in the course of a search warrant execution on August 12, 2015, and FBI Special Agent Clayton Phelps, who explained the evidence that was found on the defendant's computer. The defendant presented his own computer expert and elected to take the stand and testify on his own behalf. Under oath, the defendant testified that he used file sharing software to connect with individuals who had music that he liked and, rather than search for and download only the music files he wanted, would download their *entire* drives, which he would later sift through for the particular files he was interested in. The defendant offered this behavior as an explanation for how the child pornography at issue came to exist on his computer, and denied that he knowingly possessed it. In finding the defendant guilty of knowingly possessing the child pornography at issue, the jury necessarily rejected this testimony.

## DISCUSSION

### I. Sentencing Guideline Calculation

Based on its computation of the defendant's total offense level as 31 and his criminal history category as I, the United States Probation Office ("Probation") has computed a Guideline sentence in this case to include a term of incarceration from 108 months to 135 months; the Guideline range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category [PSR 30-44], and thus agrees with its determination of his Guideline sentencing range (GSR) as outlined above.

The government is in the process of assembling documentation to support a restitution request on behalf of identified victims, and expects to submit restitution requests to the Court for

determination of an appropriate reward. This Court need not make a determination of restitution at the sentencing hearing, but must do so within 90 days of sentencing, pursuant to 18 U.S.C. § 3664(d)(5). The government does not believe that determination of an appropriate restitution figure will require an evidentiary hearing but has not yet conferred with counsel for the defendant on that point.[2]

## II.  Application of Specific Offense Characteristics and the Section 3553(a) Factors

However the Court calculates the GSR in this case, the Guideline range most certainly does represent a significant range of punishment. The government contends that a sentence contemplated by the Guidelines, however, is one that reasonably fits the crime of which this defendant has been convicted. Based on an evaluation of all of the § 3553(a) factors, this Court should impose a low-end Guideline sentence.

The government recognizes that it is difficult to quantify exactly how many months would satisfy the Court's obligation to impose a sentence that is just, that would adequately deter both this defendant and others who might commit the same type of crime, and that would protect the most vulnerable members of our society. Ultimately, this Court can be confident that a Guidelines sentence will achieve all of these goals of sentencing.

A significant sentence is necessary to reflect the gravity of the defendant's crimes. As the Sentencing Commission found in its 2012 report to Congress,[3] "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the

---

[2]  The government notes that Paragraph 84 omits any reference by the defendant about his virtual currency holdings. The government understands that Probation may not be equipped to verify the status or amount of such assets without the defendant's cooperation.

[3]  Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf.

sexual exploitation of children." [Id. at 311]. This is especially true here, where the defendant accessed child pornography in a forum populated entirely by others who *value*, rather than vilify, the sexual exploitation of children.[4] And, here, he was no passive consumer; he actively managed a large group of like-minded individuals, requiring the constant circulation of new material from those group members.

A Guideline sentence is entirely reasonable and warranted in this case. The specific enhancements here are not simply applied as inherent to the offense, but adequately and accurately reflect the nature and circumstances of the offense, as described briefly below:

a. **§ 2G2.2(b)(2) (prepubescent minor):** There are many cases where defendants possess, distribute, receive, and produce images of children who are *not* prepubescent. The distinction between pubescent and prepubescent victims is an important one for this (and all) courts to consider, given that a victim's vulnerability is often directly correlated to his or her age.

b. **§ 2G2.2(b)(4)(A) (sadistic/masochistic conduct or exploitation of toddler)**: For the same reasons, the distinction between sadomasochistic violence and other types of sexual exploitation (or toddler or infant victims and older child victims) is important for the Court to take note of. Again, not all defendants are interested in every type of

---

[4] The defendant has objected to the Court's consideration of the investigation of the defendant as a member of Playpen, a child pornography site that operated on Tor. [PSR Objection #1, p. 26]. Those facts were not presented to the jury, and need not have been, where they are not necessary to the proof of any specific offense characteristic at issue here. This Court may properly consider the information—which is drawn from a published First Circuit opinion about this case—to the extent it constitutes information relevant to "the nature and circumstances of the offense and the history and characteristics of the defendant," which this Court "shall consider" in its endeavor to impose an appropriate sentence. 18 U.S.C. § 3553(a)(1).

exploitation – but as a consumer of this type of material, the defendant drives the production of such material, and should be appropriately held accountable for such.

   c. **§ 2G2.2(b)(7)(D) (number of images):** The government recognizes that it is relatively easy to "get to" 600 images when videos are included in a defendant's collection. That does not render the enhancement meaningless. If a picture says a thousand words, a video screams them from the rooftops. Videos provide a stark reminder that the victims of this defendant's crimes are real, live children, who are raped or otherwise exploited *solely* for the pleasure of people like this defendant – who are not traumatized by having to watch other people sexually abuse or encourage the exploitation of children around the world, but who choose to do so because they either prefer it or need it for their own sexual gratification. Videos *should* be weighted more heavily than images. The enhancement is not meaningless – for the reasons described above, it is essential to avoid the desensitization that has beset us legal professionals as a byproduct of prosecuting, defending, and sitting in judgment of those that violate our child pornography laws.

In the form of an objection to the PSR, the defendant has set forth various factors that he claims warrant a downward variance from the Guideline sentence calculated here. [PSR Objection #5, pp. 29-30]. The government recognizes that some of these factors may render a low-end sentence reasonable, but disagrees that they require the Court to look beyond the GSR as it has been calculated here. For example, the fact that the defendant appeared to be an educated, gainfully employed, functioning member of society whose criminal conduct came as a surprising revelation to those who knew him best demonstrates that we cannot rely on arrest statistics to inform us about true danger (i.e., the protection of the public), and there is no reason to believe

that anything but a lengthy term in prison will deter this defendant from committing similar offenses in the future.  Similarly, the fact that the defendant comes before this Court with no prior record is not a mitigating factor in the context of these offenses.  The defendant's record was taken into consideration in the calculation of his criminal history category.  See, e.g., United States v. Oberg, 877 F.3d 261 (7th Cir. 2017)(district judge properly noted that defendants in child pornography cases often have limited criminal histories).  Furthermore, the fact that the defendant did not produce or distribute the child pornography is irrelevant; if there was proof of such conduct, he would have been appropriately charged and punished.  The defendant was charged, tried, and convicted of possessing videos and images of children as young as toddlers being sexually abused, which is in and of itself an exceeding serious offense that merits a correspondingly serious punishment.

The government recognizes that it is always difficult to quantify in months or years "how much" is "enough" to achieve the goals of sentencing.  While the guideline sentence here is significant in length, it is not only reasonable, but also necessary in this case to promote respect for the law, to adequately punish the defendant for his criminal conduct, to deter him and others from offending in the same ways again, and for long-term protection of the public.

## CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court impose a low-end Guideline sentence. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

ANDREW E. LELLING
United States Attorney

Date: October 7, 2019   By:   /s/ Anne Paruti_____
Anne Paruti
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way
Boston, MA 02210
617-748-3310

## **CERTIFICATE OF SERVICE**

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:

Date: October 7, 2019   /s/ Anne Paruti_____
Anne Paruti
Assistant United States Attorney