UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  )<br>         v.                )<br>  )<br>ALEX LEVIN,                  )<br>         Defendant.          )<br>  ) | CRIMINAL ACTION<br>NO. 15-10271-WGY |

YOUNG, D.J.                                         November 20, 2019

### ORDER FOR RESTITUTION

The government here seeks restitution for "Pia" and "Tara," two of the individuals depicted in the child pornography possessed by the defendant. See generally Michael H. Keller & Gabriel J.X. Dance, Child Sex Abusers Elude Flimsy Digital Safeguards, New York Times page 1 (November 10, 2019)("Child Sex Abusers").

Section 2259 of chapter 18 of the United States Code requires courts to award restitution to victims of various enumerated federal offenses, including possession of child pornography. Paroline v. United States, 572 U.S. 434, 439 (2014). In Paroline, the Supreme Court set forth a methodology for setting restitution amounts in child pornography cases. The Court must "determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . ., then set an award of restitution in consideration of factors that bear on

the relative causal significance of the defendant's conduct in producing those losses." Id. at 460. Factors that the Court should consider include:

> [T]he number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

Id. Taking these factors into account, the burden of proof then falls on the government to establish the requested amount by preponderance of the evidence. 18 U.S.C. § 3664(e); *see also* United States v. Aumais, 656 F.3d 147, 152 (2d Cir. 2011); United States v. Kennedy, 643 F.3d 1251, 1263 (9th Cir. 2011); United States v. Darbasie, 164 F. Supp. 3d 400, 405 (E.D.N.Y. 2016. "Restitution orders should represent 'an application of law,' not 'a decisionmaker's caprice,' . . . and the approach articulated above involves discretion and estimation." Paroline, *supra* at 462 (quotations omitted).

This Court originally thought that the conduct of the FBI in hacking into a child pornography website on the dark web and - instead of shutting it down - infected orders to that site with malware that identified the purchasers' computers for

[2]

further investigation perhaps severed the chain of relevant causation. See <u>United States</u> v. <u>Levin</u> 186 F. Supp. 3d 26, 36 n12, (D. MA. 2016) reversed on other grounds 874 F.3d 316(1st Cir. 2017). Competent counsel quickly disabused the Court of this notion, everyone agreeing that the images of Pia and Tara came into the defendant's possession through a file sharing program, not through accessing the hacked website on the dark web. There is thus little doubt but that restitution here is mandatory.[1]

**Pia**

There is no real dispute concerning the restitution to Pia, and the Court need not extend analysis. Pia is awarded $3,138.00 Def. Brief p. 4.

**Tara**

The defendant objects to awarding restitution to Tara, properly observing that earlier restitution orders have already fully compensated her for the identifiable special damages she has suffered. <u>United States</u> v. <u>Moody</u>, 2018 WL 3887506*8 (S.D. Ga. August 18, 2018).

Yet the harm to Tara is ongoing; it is hardly encompassed by the payment of her special damages. Tara experiences genuine

---

[1] Today, pursuant to 18 U.S.C. § 2259 (b)(2)(B) such restitution must be at least $3,000 but the government concedes this law is not retroactively applicable to the defendant's conduct here.

[3]

harm every time the images of her hideous sexual abuse come into focus before another pair of strange eyes. See generally Child Sex Abusers, supra p.1. While such emotional damages are certainly genuine, their calculation is difficult if not impossible. This is precisely the type of issue best left to an American jury. As the matter is here left to me, I am required to eschew "a decisionmaker's caprice." Paroline, 572 U.S. at 462. In such circumstances, like Judge Melgren, this "Court is persuaded that the average of other awards is a rational guide to help determine a proper restitution amount. United States v. Bellah, 2014 WL 7073287* 1 (D. Kan. Dec. 12, 2014) (Melgren,J.).

Accordingly, based on the entire record - including the most relevant and helpful Department of Justice database - the court awards Tara restitution in the amount of $4,184.

**SO ORDERED.**

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE