UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

15-cr-10271-WGY

```
*************************************
                                    *
United States vs. Alex Levin        *   JUDGE'S FINDINGS
                                    *
*************************************
```

BEFORE:  Honorable Judge William G. Young

Richard H. Romanow
Official Court Reporter
United States District Court
1 Courthouse Way
Boston, Massachusetts 02210

October 9, 2019

```
 1          THE COURT:  Mr. Alex Levin, in consideration of
 2     the terms of 18 United States Code, Section 3553A, the
 3     information from the United States Attorney, your
 4     attorney, the probation officer, and yourself, this
 5     Court sentences you to 6 years, 6 months -- 78 months,
 6     in the custody of the United States Attorney General.
 7     The Court gives you credit towards the service of that
 8     sentence from August 12, 2015 to April 26th, 2016, and
 9     from May 30th, 2019 to the present.
10          The Court imposes upon you no fine due to your
11     inability to pay a fine.  The Court places you on
12     supervised release following your imprisonment for 5
13     years with all the general conditions of supervised
14     release and the, um, following special conditions.
15          You are required to register pursuant to the Adam
16     Walsh Child Protection and Safety Act.  You must
17     participate in a sexual-specific evaluation as required
18     by the probation office.  You must submit to periodic
19     polygraph testing.  You must allow the installation of
20     computer internet monitoring software.  You must advise
21     anyone using the monitored internet-capable devices that
22     those devices are being monitored by probation.  You
23     must not possess or use any computer or internet-capable
24     device without prior permission from the probation
25     office.  You must disclose all account information
```

```
 1    relative to internet access.  You must provide the
 2    probation officer with access to requested financial
 3    information.
 4         You must not knowingly have direct contact or
 5    contact to a third-party with children under the age of
 6    18 years, unless previously approved by the probation
 7    office.  This is not intended to restrict your contact
 8    with your daughter.
 9         You must not knowingly have any contact with
10    victims without a prior approval.
11         You must consent to third-party disclosure to any
12    employer.  Prior to accepting any form of employment,
13    you must seek the approval of the probation office.  You
14    shall be required to contribute to the cost of
15    evaluation and treatment to the extent of your ability
16    to pay.
17          No restitution is decreed at this time.  The Court
18    will schedule within 90 days of today's date a hearing
19    on the matter of the restitution.
20         Let me explain this sentence to you.
21         You have done a terrible thing.  You're not a
22    terrible person.  I acknowledge that, you are not a
23    terrible person.  But this was no mistake.  And in the
24    doing of it, it encourages, it enables the most hideous
25    form of child sex abuse of which we are aware and we
```

```
 1    have chosen to deal with it by sentencing offenders who
 2    receive such material.  This is a just and a fair
 3    sentence and I have no hesitancy in imposing it.
 4         You of course, having reserved the right to a
 5    trial, you have the right to appeal from any findings or
 6    rulings the Court has made against you.  Should you
 7    appeal and should your appeal be successful, in whole or
 8    in part and the case remanded, you'll be resentenced
 9    before another judge.  Mr. Carney, if an appeal is
10    decided upon and you want transcript, seek it from this
11    session of the court because I'll turn it around right
12    away.
13         Do you understand?
14         MR. CARNEY:  May I ask a question, your Honor?
15         THE COURT:  Of course you may.
16         MR. CARNEY:  Will the judgment not be entered
17    until the amount of restitution is determined?  In other
18    words, there's a time limit in which I have to file a
19    notice of appeal and I'm interpreting that the
20    sentencing won't be completed until the restitution is
21    in place.
22         THE COURT:  That's a good point and I would say
23    that the time should await the judgment and since the
24    government does seek restitution, I do allow the
25    materials to be sealed, but obviously available to
```

1    Mr. Carney.
2         I do want to say one thing to the government about
3    restitution.  If you go back to the motion to suppress
4    -- and I have utterly no issue and it bears not at all
5    on my reasoning, um, with the decision of the Court of
6    Appeals, but I noted in a footnote a moral ambiguity
7    here, and now that the government is seeking
8    restitution, that ambiguity, um, becomes more
9    concerning, and it's this.
10        The way the government did this, that is enforced
11   the law and apprehended Mr. Levin, of course was
12   operating this pornography site with malwear such that
13   they could trace it to Mr. Levin.  Now had they shut it
14   down as soon as they could have, he never, at least
15   through this site, would have accessed these videos.
16   When I read the papers about restitution, that came back
17   to me.
18         I express no opinion because I've deferred ruling,
19   but, um, Ms. Paruti and counsel, I'll be interested to
20   be advised on that point.  But the short answer is
21   judgment will not enter until I've decided the issue of
22   restitution.  I'll schedule it within 90 days, but by
23   agreement you two may agree to bring it forward so that
24   it may be it resolved.  All right?
25         MR. CARNEY:  Thank you.

```
 1          THE COURT:  He's remanded to the custody of the
 2    marshals.
 3          MS. PARUTI:  I'm sorry, your Honor, may I just
 4    mention one other thing?
 5          THE COURT:  You may.
 6          MS. PARUTI:  The only issue of forfeiture in this
 7    case was the one laptop, um, the Hewlet Packard.
 8          THE COURT:  Forfeiture is decreed as requested.
 9          MS. PARUTI:  Thank you.  There would be a motion
10    filed on the docket.
11          THE COURT:  Thank you.
12          MR. CARNEY:  Will the defendant be held --
13    continue to be held in Rhode Island?  It's not Rhode
14    Island?  Oh, in Plymouth, until he is brought back for
15    the restitution hearing?
16          THE COURT:  I really don't know.  But it makes
17    sense because they'll have to transport him back for
18    that hearing.
19          MR. CARNEY:  Yes.  I wonder if we could suggest a
20    date that would be convenient to the Court?
21          THE COURT:  Why don't you do that.
22          (Pause.)
23          THE COURT:  I was saying to Ms. Gaudet, um, for
24    whom in a very literal sense I work, that I'm not trying
25    to put it off.  So we can get to it as soon as
```

```
 1    convenient to the parties.  It's from Ms. Paruti, it's
 2    from your papers that reminds me I have to do it within
 3    90 days, that's the reason I suggested that time.  I
 4    will address it more rapidly.
 5         MR. CARNEY:  Would either the 4th or the 5th of
 6    November be convenient?
 7         THE COURT:  Ms. Paruti, do those dates suit you?
 8         MS. PARUTI:  I would say the 5th if that's
 9    available to the Court.
10         THE COURT:  Thank you.  I'll confer with
11    Ms. Gaudet.
12         It's on for a hearing on restitution on the 5th of
13    November at 2:00 p.m.
14         MS. PARUTI:  Thank you, your Honor.
15         THE COURT:  And I'll expect that he will be
16    available for that hearing.
17         MR. CARNEY:  Your Honor, before you leave the
18    bench, may I approach the court ex parte, um, regarding
19    a matter?  I've alerted Ms. Paruti as to what the matter
20    is.
21         MS. PARUTI:  I have no objection.
22         THE COURT:  All right.  Fine.  Of course you may.
23
24
25
```