1                    UNITED STATES DISTRICT COURT

2                      DISTRICT OF MASSACHUSETTS

3                                No. 1:15-cr-10271-WGY

4

5

6    UNITED STATES OF AMERICA

7

8    vs.

9

10   ALEX LEVIN

11

12
                              * * * * * * * *
13

14
                         For Jury Trial Before:
15                       Judge William G. Young

16

17
                         United States District Court
18                       District of Massachusetts (Boston.)
                         One Courthouse Way
19                       Boston, Massachusetts 02210
                         Thursday, May 30, 2019
20

21                            * * * * * * * *

22
                     REPORTER: RICHARD H. ROMANOW, RPR
23                        Official Court Reporter
                        United States District Court
24       One Courthouse Way, Room 5510, Boston, MA 02210
                        bulldog@richromanow.com
25

```
 1                    A P P E A R A N C E S

 2

 3    ANNE PARUTI, ESQ.
         United States Attorney's Office
 4       One Courthouse Way, Suite 9200
         Boston, Massachusetts 02210
 5       (617) 748-3310
         E-mail: Anne.paruti.lohnes@usdoj.gov
 6       For the United States of America

 7

 8    J.W. CARNEY, JR., ESQ.
      DANIEL J. GAUDET, ESQ.
 9       J.W. Carney, Jr. & Associates
         20 Park Plaza, Suite 1405
10       Boston, Massachusetts 02116
         (617) 933-0350
11       Email: jcarney@carneydefense.com
         for the defendant
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                           I N D E X

2

3      VERDICT........................................ 6

4

5                       E X H I B I T S

6                        (None marked.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                    P R O C E E D I N G S
2              (Jury enters, 9:15 a.m.)
3              THE COURT:  Good morning, ladies and
4    gentlemen.  Thank you for all your efforts to be here
5    right on time.
6         Now this is very serious and you're on your oath
7    as jurors.  Let the record show that the 12 deliberating
8    jurors and the two alternates are present in the
9    courtroom.
10         On your oath as jurors, since we recessed at 4:10
11   yesterday afternoon, have any of you heard, read, or
12   seen anything at all concerning the substance of this
13   case?  Have you discussed the substance of this case
14   with anyone, including among yourselves?  Have the
15   deliberating jurors talked about the substance of the
16   case with the alternates or the alternates with the
17   deliberating jurors?
18              THE JURY:  (In unison.)  No.
19              THE COURT:  The jury answers in the negative.
20         Now, due to Mr. Romanow's very hard work yesterday
21   evening, we have the entirety, as I am required to do,
22   of the testimony of the witness which you requested, and
23   Ms. Gaudet will give it to you to have in the jury room.
24   And naturally you requested it and you can look through
25   it for whatever information you want.
```

1     I caution you that while I have given you the

2     testimony of a particular witness at your request, which

3     is my general practice, you are to look at his testimony

4     as a whole, consider the cross-examination as well as

5     the direct examination, if the information you're

6     looking for is found in the direct examination.  If it's

7     found in the cross-examination, consider the direct

8     examination as well.

9     Also, having given you the testimony of one

10    witness, I caution you, that that does not make that

11    witness better or more persuasive.  I'm simply giving

12    you the testimony at your request to aid you in your

13    deliberations.  You must consider the testimony of all

14    the witnesses and all the exhibits, the stipulation and

15    admission, as I've told you, in order to decide the

16    case.  Don't just focus on one witness.

17    Remember your powers, you can believe everything a

18    witness had to say, you can disbelieve everything a

19    witness had to say, any witness, or you can believe

20    parts of what a witness had to say and disbelieve other

21    parts.

22    With those instructions and with the transcript --

23    Yes, Mr. Carney?

24    MR. CARNEY:  Your Honor, I just want to inform

25    you that my client called, he was on the Commuter Rail,

1    he expects to be here in 5 minutes.  There was a delay

2    on the Commuter Rail.

3              THE COURT:  I hold nothing against him, I was

4    just getting them to work, and I acknowledge that, and I

5    have no question about it.

6              MR. CARNEY:  Thank you, your Honor.

7              THE COURT:  All right.  Now with those

8    instructions, you may retire and continue your

9    deliberations.

10             THE CLERK:  All rise for the jury.

11             (Jury leaves, 9:20 a.m.)

12             (Jury enters, 9:55 a.m., verdict.)

13             THE CLERK:  Madam Forelady, members of the

14   jury, has the jury reached a unanimous verdict?

15             THE JUROR:  We have.

16             (Verdict slips passed to judge.)

17             THE COURT:  The verdict is in order.  It may

18   be recorded.

19             THE CLERK:  Madam Forelady, members of the

20   jury, please stand and listen to the verdict as the

21   Court records it.

22        In the matter of United States of America versus

23   Alex Levin, Criminal Action Number 15-10271, on the

24   charge of knowing possession of child pornography

25   affecting interstate commerce, we find Alex Levin:

1    Guilty.

2         So say you, Madam Forelady, is that your verdict?

3              THE FOREPERSON:  Yes.

4              THE CLERK:  So say you, members of the jury?

5              THE JURY:  (In unison.)  Yes.

6              THE COURT:  Please be seated.

7         Ladies and gentlemen, I want to thank you, I thank

8    you not for your verdict, I thank you whatever your

9    verdict was, but I thank you most sincerely, and I

10   include the alternates, for the obvious care and

11   attention, the time you've taken to reflect on these

12   matters.

13        This trial is over.  You have every right to say

14   anything to anyone about anything.  You'll be excused.

15   I'd like to come back to the jury room and thank you

16   personally, but you're excused and the proceedings are

17   at an end.

18        Nobody who's been involved in this case will

19   contact you in any way.  Those are the rules of court.

20   They're strictly enforced.

21        Now there hasn't been much or anything I can see

22   in the media about this case, but that doesn't mean

23   there couldn't be, and it doesn't mean that someone in

24   the media might not contact you.  The trial's over, you

25   have a right to say anything that you want.  Even so I'm

1  now going to ask you, with the trial over I can't charge

2  you or tell you, but I ask you, it's best that you not

3  talk about what went on in the jury room, that's private

4  to the 12 of you.  By your verdict you've spoken the

5  truth about these matters, let your verdict stand for

6  your deliberations.

7      You may stand in recess.  I'd like you to wait for

8  just a minute because I want to come back and thank you.

9  But the jury may recess.

10          THE CLERK:  All rise for the jury.

11          (Jury leaves, 9:55 a.m.)

12          THE COURT:  Please be seated.

13      Ms. Gaudet will suggest a sentencing date.  And as

14  we have reserved, should you wish enhancements here,

15  Ms. Paruti, that are not covered by the evidence that's

16  in, um, you understand that you will prove them so that

17  we'll have to allocate, let's say, an afternoon for

18  doing that.

19      I propose that we set sentencing to include such

20  evidentiary proof for 2:00 Wednesday afternoon,

21  September 11th.

22      How does that suit?

23          MS. PARUTI:  Your Honor, I actually don't have

24  my calendar available to me today.  I left my phone at

25  home.  So I'll check with the witnesses to make sure

1    that they are available and if there's a problem, I'll

2    notify Ms. Gaudet.

3            THE COURT:  Well -- is that all right with

4    you, Mr. Carney?

5            MR. CARNEY:  The 11th would be fine, your

6    Honor.

7            THE COURT:  All right, so we'll set that date

8    and if there's an issue, you raise it.

9        Status of bail in the meantime?

10           MS. PARUTI:  Well, your Honor, I believe

11   there's a presumption for detention pursuant to Title

12   18, United States Code, Section 3143 --

13           THE COURT:  I think that's right.

14           MS. PARUTI:  So at this point, um, without

15   that evidence before me or before the Court, I would

16   move to detain the defendant pending sentencing.

17           THE COURT:  Yes, that is the presumption,

18   Mr. Carney.

19           MR. CARNEY:  Your Honor, it's a rebuttable

20   presumption.

21           THE COURT:  I can see that and I'll hear you.

22           MR. CARNEY:  The defendant has been released

23   on bail for almost four years now and he has strictly

24   honored all of the conditions of bail and appeared

25   whenever he was required to appear.  He held a job for

1    most of that time, although ultimately when Amazon found

2    out about the pendency of these charges, they discharged

3    him.  But he's been gainfully employed.  He's got a lot

4    of family support, his fiance and his brother are here,

5    they've attended most of the trial themselves, and I

6    think that shows that he is not a flight risk.

7             THE COURT:  Thank you.

8        I hear what you say, it's a most severe crime, I'm

9    going to follow the presumption, he's ordered remanded

10   to the custody of the marshals.  We'll recess.

11            (Ends, 10:00 a.m.)

12

13            C E R T I F I C A T E

14

15       I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do

16   hereby certify that the forgoing transcript of the

17   record is a true and accurate transcription of my

18   stenographic notes, before Judge William G. Young, on

19   Thursday, May 30, 2019, to the best of my skill and

20   ability.

21

22

23

     /s/ Richard H. Romanow 06-25-20
24   _____
     RICHARD H. ROMANOW  Date
25